IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONATHAN G. DAHMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-381-GMS |
| | ) |
| CIVIGENICS, INC., HARRY | ) |
| COYLE, and FRANK COSTON, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

WHEREAS, the plaintiff Jonathan G. Dahms, is a pro se litigant who was formerly incarcerated at the Howard R. Young Correctional Institution in Wilmington, Delaware, and he filed this action pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915;

WHEREAS, on July 6, 2004, the court granted the plaintiff leave to proceed in forma pauperis, assessed $2.82 as an initial partial filing fee, and ordered him to file an authorization form within thirty days;

WHEREAS, on August 8, 2004, the court granted the plaintiff a thirty day extension of time in which to file the authorization form, and he filed the authorization form on August 27, 2004;

WHEREAS, on October 13, 2004, the court entered an Order finding that the plaintiff's claims were not frivolous

within the meaning of 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), and requiring the plaintiff to provide the clerk with United States Marshal ("USM") 285 forms for each Defendant, as well as for the Attorney General within 120 days in order to effect service in accordance with Fed. R. Civ. P. 4(m) (D.I. 9);

WHEREAS, the clerk mailed the Order to the plaintiff at the Webb Correctional Center on October 14, 2004;

WHEREAS, on November 1, 2004, the plaintiff notified that court that he had been released from incarceration and requested four blank U.S. Marshal 285 forms (D.I. 10);

WHEREAS, on January 26, 2005, the clerk responded to the plaintiffs' letter request for four blank U.S. Marshal 285 forms(D.I. 11);

WHEREAS, on February 7, 2005, the plaintiff filed the pending Motion for an Extension of time to file the USM 285 forms and for Appointment of Counsel(D.I. 12);

WHEREAS, the plaintiff requests an unspecified extension of time to file the U.S. Marshal 285 forms because he is "currently seeking to retain legal counsel, as Plaintiff is now living in the 'free world'" (Id.);

WHEREAS, the plaintiff requests that "in the alternative," that the court "assign legal counsel" to assist him in processing this claim (Id.);

NOW THEREFORE, IT IS HEREBY ORDERED this 25th day of

_____April_____  2005, that:

    1. The plaintiff's motions for appointment of counsel is denied without prejudice to renew. The plaintiff, a <u>pro se</u> litigant proceeding <u>in forma pauperis</u>, has no constitutional or statutory right to appointed counsel. <u>See</u> <u>Ray Robinson</u>, 640 F.2d 474, 477 (3d Cir. 1981). It is within this court's discretion, however, to seek representation by counsel for the plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." <u>Smith-Bey v. Petsock</u>, 741 F.2d 22, 26 (3d Cir. 1984); <u>accord</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). Having reviewed the plaintiff's complaint, the court finds that his allegations are not of such a complex nature that representation by counsel is warranted at this time. The various papers and pleadings submitted by the plaintiff reflect an ability to coherently present his arguments.

    2. The plaintiff's Motion for an Extension of Time to File the U.S. Marshal 285 forms is GRANTED. The plaintiff shall file the U.S. Marshal 285 forms within 20 days from the date this

3

order is mailed. The court has already determined that the complaint is not frivolous within the meaning of 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1) and the plaintiff does not require the assistance of an attorney to complete the U.S. Marshal 285 forms.

      3. The Clerk of the Court shall cause a copy of this order to be mailed to the plaintiff.

      4. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), the plaintiff shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **each defendant. Additionally, the plaintiff shall provide the Court with one copy of the complaint for each defendant. Furthermore, the plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide the "U.S. Marshal 285" forms within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

      5. Upon receipt of the form(s) required by paragraph 3 above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

      6. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an

executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

7. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

8. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel. The clerk is instructed not to accept any such document unless accompanied by proof of service.

_____
UNITED STATES DISTRICT JUDGE