IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JONATHAN G. DAHMS, et al. | : | CIVIL ACTION NO. 04-381 GMS |
| *Plaintiff*, | : | |
| vs. | : | |
| | : | |
| CIVIGENICS, et. al. | : | |
| | : | |
| *Defendants*. | : | |

**MEMORANDUM OF LAW AND POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)**

I.   **INTRODUCTION**

On or about June 14, 2004, Jonathan G. Dahms (hereinafter "Plaintiff"), brought a Complaint in the United States District Court of the District of Delaware against Civigenics, Inc., Harry Coyle and Frank Coston, (hereinafter collectively referred to as "Defendants"). Plaintiff makes general allegations as to the treatment he underwent while he was enrolled in the Civigenics Key North Program.

In lieu of filing an Answer, Defendants has filed a Federal Rule of Civil Procedure 12 (b) (1) and 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted.

II.   **FACTS**[1]

In his Complaint, Plaintiff alleges the following: In May of 2003, Plaintiff voluntarily entered the Civigenics 6 for 1 Correctional Recovery Program within the Gander Hill Correctional Facility. Subsequently, Plaintiff was sentenced to enter and complete the Civigenics Key North Program, which he did so on July 6, 2003.. See Plaintiffs' Statement of

---

[1] For purposes of this motion only, Defendants accept the facts averred by the Plaintiff. Defendants in no way are admitting the truth of the facts averred by the Plaintiff.

Claims, p. 1.

Upon entering the Key North Program, other inmates supervised his actions including "wakeups", eating, sleeping various recreational activities. See id. "Orientators" would wake him from his sleep and direct him to stand or sit on his bunk, which at times, would last sixty to ninety minutes. This practice was referred to as "running pressure." See id. When Plaintiff complained he was informed that it was treatment. See id.

Plaintiff further alleges that he was subject to extreme embarrassment due to other inmates, "Orientators", calling him names and mocking him, which he found to be derogatory. See id. at p. 2. Plaintiff further alleges he was assigned to a job and then subsequently fired by the Assistant Program Manager. See id. Plaintiff also alleges that he was made to clean the toilets, which he found to be humiliating. See id.

Plaintiff complained to his primary counselor regarding his treatment. Plaintiff then was labeled a "snitch" and "leaker" by the other inmates. See id.

Plaintiff alleges that Defendants, Harry Cole and Frank Coston, assigned him to the position of Assistant Program Manager. See id. at p.3. This position included the responsibility of hiring and firing other inmates for various job positions. Plaintiff alleges that he did not want this job, however, he was informed by his counselor that he had to perform it. Plaintiff alleges that other inmates supervising other inmates was done at the direction of the Civigenics' staff; however, he does not identify anyone in particular. See id.

Plaintiff further alleges that another inmate was given a job of office worker. Plaintiff alleges that in this position that inmate would have access to all inmate treatment files, which contained privileged and confidential information. Plaintiff makes no allegation that any of this information was ever distributed or that the inmate worker actually saw the other

inmates treatment files. See id.

**III.   LEGAL ANALYSIS**

    **A.   Standard of Review**

A Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) may present either a facial or factual challenge to subject matter jurisdiction. Mortensen v. First Fed. Savings and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. See Kost v. Kozakiewicz, 1 F.3d 183 (3d Cir. 1993). Thus, as in the case of a Rule 12(b)(1) motion, the Court must accept the factual allegations of the complaint as true. See Graves v. Lowery, 117 F.3d 723, 726 (3rd Cir. 1997); Nami v. Fauver, 82 F.3d 63, 65 (3rd Cir. 1996). In particular, the Court looks to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988).

The Court, however, need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion School District, 132 F.3d 902, 906 (3rd Cir. 1997). A Court should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be provided consistent with the allegations." See Graves, 117 F.3d at 726; Nami, 82 F.3d at 65 (both citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**IV.   ARGUMENT**

    **A.   Plaintiff's Claims Against Defendants Are Barred by the Eleventh Amendment to the United States Constitution and Therefore this Court**

**Lacks Subject Matter of Jurisdiction to Hear Plaintiff's Complaint**

The Eleventh Amendment to the United States Constitution provides that the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State. The Eleventh Amendment to the United States Constitution stands for the constitutional principle that State sovereign immunity limits the Federal Court's jurisdiction under Article III. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 116 S. Ct. 1114 (1996).

Furthermore, the Eleventh Amendment to the United States Constitution limits Federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed. See Neely v. Samis, 183 F. Supp. 2d 672, 678 (D. Del. 2002) quoting Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 98-100, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984). Although a State's sovereign immunity may be waived by United States Congress, this will only be done by clear indication of Congress' intent to waive the State's immunity.

42 U.S.C. § 1983 states as follows:

§1983 Civil Action for Deprivation of Rights

Every **person** who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(emphasis added).

42 U.S.C. § 1983 clearly pertains to suits brought against **persons**. Defendants in the present matter were all sued in their official capacity as employees of Civigenics. Civigenics is a correctional services firm who, through contracts with the State, provide treatment for the prisons which includes providing correctional treatment programs, in-prison substance abuse treatment programs and drug testing, as well as other services.

Pursuant to Civigenics' and the defendant employees of Civigenics contract with the State, the defendants herein named all act "under color of State law" in their official capacity as State actors. Therefore, the Federal District Court is without subject matters jurisdiction to hear plaintiffs' claims against these defendants in their official capacity.

In West v. Atkins, 487 U.S.C. 42; 108 S. Ct. 2250 (1988), the United States Supreme Court held that a private physician providing orthopedic services to inmates pursuant to a contract with a State acted "under color of State law" within the meaning of 42 U.S.C. § 1983 in treating the inmates. In West, Dr. Samuel Atkins, a private physician, provided orthopedic services to inmates pursuant to a contract with the State of North Carolina. Over a period of several months, he treated Plaintiff West's injuries while West was an inmate at Odom Correctional Center in Jackson, North Carolina. Thereafter, Plaintiff West commenced an action against Dr. Atkins in the United States District Court for the Eastern District of North Carolina alleging violations of his Eighth Amendment Rights to be free from cruel and unusual punishment pursuant to 42 U.S.C. § 1983.

In ruling that Dr. Atkins was a State actor acting "under the color of State law", the United States Supreme Court explained that to constitute State action, "the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person

for whom the State is responsible" and "the party charged with the deprivation must be a person who may fairly be said to be a State actor." Id. at 2255. The Court held that Dr. Atkins, as a physician employed by the State of North Carolina to provide medical services to State prison inmates, acted "under a color of State law" for purposes of §1983 when undertaking his duties in treating the plaintiff's injury and that said conduct was fairly attributable to the State. Id. at 2259.

Similar to the case at hand, Civigenics and its employees, the named defendants in this matter, were under contract with the State of Delaware to provide treatment to inmates and, similar to Dr. Atkins in West v. Atkins, these Defendants were acting "under color State law" and as State actors in carrying out their duties. As a result, the Federal District Court is without subject matter jurisdiction to hear the Plaintiff's claims against these defendants in their official capacity as State actors.

   B.   **Plaintiff's Claims Against Defendants Civicgenics and Defendant Civicgenics' Employees, Harry Coyle and Frank Coston Are Barred by the <u>Eleventh Amendment to the United States Constitution.</u>**

Defendants, Civigenics s and Harry Coyle and Frank Coston are entitled to judgment as a matter of law as Plaintiff's claims are barred by the Eleventh Amendment. As stated above, Moving Defendants in this matter were acting in their official capacity as Civigenics employees and through a contract with the State to provide treatment to prisoners. As such, Defendants were acting "under color of State law" for purposes of §1983. As Plaintiff cannot recover against these Defendants in their official capacity, dismissal of Plaintiff's Complaint is warranted pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

The allegations in Plaintiff's Complaint are alleged against each Defendant in their

official capacity and not as personal actors. The Complaint makes no mention of individual actions action of the individual Defendants, other than merely assigning him a job. As such, Plaintiff's Complaint against Defendants should be dismissed because Plaintiff failed to allege any personal involvement by the named Defendants in his Statement of Claims.

### C. Plaintiff Has Failed To Plead Any Violation of a Constitutional or Statutory Right.

In order to prevail on a Section 1983 claim, a plaintiff "must show that the defendant, through conduct sanctioned under the color of state law, deprived him of a federal constitutional or statutory right." Gruenke v. Seip, 225 F.3d 290, 298 (3d Cir. 2000). Section 1983 does not create any new substantial rights. Rather, it provides a remedy for the violation of a federal constitutional or statutory right. See id.

It is well settled that allegations of verbal harassment, without injury or damage, do not state a claim under 42 U.S.C. § 1983. Burkholder v. Newton, 116 Fed. Appx. 358, 360 (3d. Cir., 2004) citing Ramirez v. Holmes, 921 F. Supp. 204, 210 (S. D.N.Y. 1996); Patton v. Przybylski, 822 F.2d 697 (7th Cir. 1987) (holding that mere derogatory remarks do not make out a constitutional violation); Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987) (explaining that verbal threats will not violate the Fourteenth Amendment unless accompanied by physical force or a present ability to effectuate them); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (ruling that it trivializes the eighth amendment to believe a threat constitutes a constitutional wrong").

In the instant matter, Plaintiff has failed to allege any violation of a constitutional or statutory right. The gist of Plaintiff's complaint is that he was harassed by other inmates. The

Plaintiff makes no allegation that he was injured in any way. Indeed, the remedy Plaintiff seeks, counseling costs, confirm that his "claim" is an emotional and mental one. Thus, Plaintiff's claims do not rise to a constitutional violation.

Furthermore, an individual can only be held liable under Section 1983 if he or she was personally involved, either through participation, direction or actual knowledge and acquiescence. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). However, these allegations must be made with appropriate particularity. See id. Moreover, liability of an individual can not be predicted solely on the operation of *respondeat superior*. See id.

Again, Plaintiff makes no allegation against the individual Defendants, with the exception of them appointing him to the position of Assistant Program Manager. The Complaint is completely silent with respect as to how either Harry Coyle or Frank Coston violated his constitutional or statutory rights. No where in the Complaint is there any allegation pled with particularity of what the either Messrs. Coyle or Coston did, or did not do, that violated Plaintiff's constitutional or statutory rights.

D.  **Plaintiff's Complaint is Barred Prisoner Litigation Reform Act Pursuant to Prisoner Litigation Reform Act.**

The Prisoner Litigation Reform Act ("PLRA") prohibits prisoner's claims for mental or emotional injuries suffered while in custody without a showing of physical injury. 42 U.S.C. § 1997 (e). Again, as noted above, Plaintiff has not alleged that he sustained any type of physical injury as a result of the purported verbal harassment. Plaintiff 's only alleged injury is a mental and/or emotional one as he states that he suffered humiliation and embarrassment. Since Plaintiff has not alleged any physical injuries, his claim is barred by the PLRA.

III.    **CONCLUSION**

This Court lacks subject matter jurisdiction to hear Plaintiff's claims against defendant Civigenics and Civigenics' employees as named herein, as Civigenics and its employees were acting in their official capacity as employees for Civigenics and through Civigenics' contract with the State of Delaware to provide treatment to prisoners.  Due to the fact that the defendant Civigenics employees were acting as State actors and not in their personal capacity, plaintiffs' Complaint must be dismissed as plaintiffs have failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff's Complaint fails to indicate any personal involvement by any of the named Defendant employees of Civigenics and these Defendant employees are being sued in their official capacity as State actors as opposed to their personal capacity.

Plaintiff's claims are also barred because the alleged conduct complained of, namely derogatory statements and verbal harassment, does constitute a violation of any constitutional right.  Moreover, Plaintiff is barred by the Prisoner Litigation Reform Act from bringing suit for an alleged emotional and/or mental injury because he has not suffered a physical injury.

For the reasons set forth herein, Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) mandate the dismissal of plaintiffs' Complaint for want of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

WHEREFORE, Defendants, Civigenics, Inc. Harry Coyle and Frank Coston, respectfully request that this Honorable Court enter an Order dismissing with prejudice Plaintiff's Complaint.

Respectfully submitted,
REGER RIZZO KAVULICH & DARNALL LLP

By: /s/ Carol J. Antoff
Carol J. Antoff, Esquire
1001 Jefferson Street, Suite 202
Wilmington, DE 19801
(302)652-3611 (Phone)
(302)652-3620 (Facsimile)


Carla P. Maresca, Esquire
DEASEY MAHONEY & BENDER, LTD.
Suite 1300
1800 John F. Kennedy Boulevard
Philadelphia, PA 19103-2978
(215) 587-9400, ext. 135 (Phone)
(215) 587-9456 (Facsimile)

Attorneys for Defendant, Civigenics, Inc., Harry Coyle and Frank Coston