IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Jonathan Dahms, *Pro Se*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-381 (GMS) |
| ) | |
| CiviGenics, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM</u>**

Defendant CiviGenics, Inc. ("CiviGenics") is a correctional services firm that has a contract with the State of Delaware for the operation of an in-prison therapeutic community at Gander Hill Correctional Facility. Referred to as the "Key North" program, this community provides "highly structured living situations for persons sharing serious behavioral problems." CiviGenics Therapeutic Community, http://www.civigenics.com/therapeutic.aspx (last visited Feb. 8, 2006). Defendants Harry Coyle, the program director, and Frank Coston, the program supervisor, are employees of CiviGenics. Plaintiff Jonathan Dahms is a former Gander Hill inmate and participant in the Key North program. On June 16, 2004, Dahms filed a complaint in this court, pursuant to 42 U.S.C.A. § 1983 (2003), against CiviGenics, Coyle, and Coston. (D.I. 2.) On August 11, 2005, the defendants filed a motion to dismiss. (D.I. 20.) For the following reasons, the court will grant the defendants' motion in part, and deny it in part.

Although the complaint chronicles Dahms' overall experience in the Key North program, his response to the motion to dismiss paints a somewhat clearer picture of how the defendants allegedly acted to violate his rights. (D.I. 22.) Thus, the court will use that document as its primary guide. In his response, Dahms claims, among other things, that he was subject to sleep deprivation and

humiliation by fellow inmates at the direction of Coyle and Coston.

As a threshold matter, this court has held on at least one other occasion that CiviGenics and its employees (insofar as they are sued in their official capacities), as state actors, are shielded from suit by the Eleventh Amendment. *Hamilton v. CiviGenics*, No. 03-826-GMS, 2005 WL 418023, at *4-*5 (D. Del. Feb. 22, 2005). The court perceives no reason to stray from that holding in this case, and therefore, the defendants' motion will be granted as to CiviGenics. Regarding Coyle and Coston, they attempt to invoke Eleventh Amendment immunity as well by arguing that Dahms did not sue them in their personal capacities because he failed to allege that they personally acted to violate his rights. The court is not convinced. Although the harassment and sleep deprivation are alleged to have occurred at the hands of supervising inmates, the complaint states that the inmates were acting "at the direction of CiviGenics staff." (D.I. 2 at 7 (labeled as page 3 of the "Statement of Claims").) Moreover, the only staff members named in the complaint are Coyle and Coston. In the spirit of liberal pleading, the court believes Dahms intended to imply that the supervising inmates were acting at the direction of Coyle and Coston. Lest there be any doubt, Dahms' response to the defendants' motion to dismiss explicitly alleges that the humiliation and sleep deprivation he suffered was "at the direction of" Coyle and Coston. (D.I. 22 at 1.) Thus, Coyle and Coston cannot invoke Eleventh Amendment immunity.

The defendants also argue that Dahms' complaint is barred by a provision in the Prison Litigation Reform Act, which states:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C.A. § 1997e(e) (2003). However, in *Mitchell v. Horn*, the Third Circuit held that § 1997e(e)

applies to claims for compensatory damages, but not to claims for nominal or punitive damages. 318 F.3d 523, 533 (3d Cir. 2003). Further, section 1997e(e) does not apply to claims seeking injunctive or declaratory relief. *Id.* at 533-34. Thus, Dahm's complaint is not barred by § 1997e(e) as the defendants suggest.

As to the substance of the complaint, the defendants contend that harassment alone does not give rise to a constitutional violation. Even if they are correct, Dahms does not allege harassment alone. Rather, he alleges harassment *and* sleep deprivation (and more), which, depending on the severity, could rise to the level of a constitutional violation. *Phillips v. Parker*, No. 01-516-JJF, 2004 U.S. Dist. LEXIS 9511, at *1-*3 (D. Del. May 20, 2004). Therefore, the motion must be denied as to Coyle and Coston.

February 22, 2006

UNITED STATES DISTRICT JUDGE

FILED
FEB 2 2 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Jonathan Dahms, *Pro Se*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-381 (GMS) |
| | ) | |
| CiviGenics, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

IT IS HEREBY ORDERED THAT:

The defendants' motion to dismiss (D.I. 20) be GRANTED in part and DENIED in part.

Dated: February 22, 2006

_____
UNITED STATES DISTRICT JUDGE



FILED
FEB 2 2 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE